HON. A. J. WILLARD, CHIEF JUSTICE.
HON. HENRY McIVER, FIRST ASSOCIATE JUSTICE.
HON. A. C. HASKELL, SECOND ASSOCIATE JUSTICE.

HEARD NOVEMBER TERM, 1876.

## GREENVILLE COUNTY vs. RUNION.

A County may maintain an action against a County Treasurer and his sureties, on the
official bond of the Treasurer, for moneys collected by him as County Treasurer
for the use of the plaintiff.

The party aggrieved by the misconduct of a public officer may maintain an action un-
der the Code, as the real party in interest, on the official bond of such officer.

Under the law of this State, a County is a body corporate, and may bring. in its own
name, such actions as are necessary to the care and custody of the moneys derived
from taxation and applicable to County purposes.

BEFORE COOKE, J., AT GREENVILLE, JUNE TERM, 1876.

This was an action by Greenville County against James M.
Runion, County Treasurer, and James Darby, Williams Cox, Wil-
liam McKinney, Hardy Solomon, W. P. Shockly, Wm. M. Linder-
man, James E. Cox and Isaac Kelley.

The complaint alleged that on the    day of December, 1874, the defendant, James M. Runion, was appointed County Treasurer for Greenville County, and on the 23d day of the same month and year, he, the said James M. Runion, and the other defendants (naming them) entered into bond in the penal sum of twenty thousand dollars, conditioned that he, the said James M. Runion, shall well and truly perform the duties of the said office of County Treasurer for the said County of Greenville as now or hereafter required by law during the whole period he may continue in said office; that the said James M. Runion, under and by virtue of his office as County Treasurer, and upon the duplicate furnished by the County Auditor between the 15th day of January, 1875, and the 15th day of March of the same year, collected large sums of money in the way of taxes, some thirty thousand dollars of which was collected for and on account of the plaintiff, and which the law required him to hold and disburse upon the checks of the County Commissioners of said County.

The complaint further alleged that the said James M. Runion, as County Treasurer, received from the State Treasurer the sum of $13,691.45, the amount of the free school fund to which the plaintiff was entitled out of the State appropriation, to which add $2,355, the amount of the poll tax collected by him, and $749.64, the amount received by him from his predecessor in office, making $16,795.09 as the amount of the free school fund received by him to the credit of the plaintiff. That, as plaintiff is informed, this amount has been disbursed, excepting $4,728.50, and that the defendant, as County Treasurer, has disbursed the amount collected for plaintiff in the way of taxes, excepting $4,920, which, added to the amount of the school fund, makes $9,720, and this amount the plaintiff charges that the defendant, James M. Runion, has fraudulently and in breach of his trust appropriated and converted to his own use. And the complaint further alleged that the said defendant, James M. Runion, as County Treasurer, on the 15th day of September, 1875, made his report to the County Commissioners, showing that he was then indebted to the plaintiff in the said sum of $9,720, upon which said sum the County Commissioners drew their checks, payment of which has been and still is refused by the defendant.

The plaintiff demanded judgment that the said bond be declared forfeited and that judgment be awarded against the defendants in the sum of $20,000 and the costs of the action.

The defendant filed a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

His Honor the presiding Judge, after hearing argument, made an order that the demurrer be overruled and that plaintiff have judgment thereon, but with leave to the defendants to withdraw their demurrer and put in an answer within sixty days.

The defendants James M. Runion and Hardy Solomon appealed.

*Clark, Elliott, Earle* and *Wells,* for appellants.

*Simpson & Moore, Perry & Perry,* contra.

April 26, 1877. The opinion of the Court was delivered by

WILLARD, A. J. The demurrer admits that the defendant, Runion, as County Treasurer of Greenville County, had received certain moneys belonging to said County, and had appropriated them to his own use,—failing to apply them in the manner provided by law. This admission establishes a case of official misconduct that constitutes a breach of the bond given by him as Treasurer with the other defendants as sureties. The question then arises, can the plaintiff, the County of Greenville, maintain an action in its own name upon such bond? The Code (Section 134) provides that "every action may be prosecuted in the name of the real party in interest, except as otherwise provided in Section 136." The provisions of Section 136 do not prevent the application of the general rule to this case. "The bond of any public officer in this State may at all times be sued on by the public, any corporation or private person aggrieved by any misconduct of any such public officer."—Gen. Stat., 218, Sec. 11. Is, then, the County of Greenville a party aggrieved by the official misconduct alleged and admitted; and does it answer the description of persons that may sue therefor? If so, then, by the force of these provisions, the County of Greenville is the real party in interest in an action on the bond by reason of such breach, and, under it, as well as under the general provision of the Code, it may sue in its own name. The capacity of the County as a corporation depends on the following statute provisions: "Said County shall be a body politic and corporate for

the following purposes: To sue and be sued, purchase and hold for the use of the County personal estate and land lying within its own limits, and to make necessary contracts and do necessary acts in relation to the property and concerns of the County."—Gen. Stat., 145, Sec. 36. The Constitution (Article IX, Sec. 10,) defines the powers of the Counties as to certain subjects, and vests the exercise of these powers in certain County officers by the following provisions: "The qualified electors of each County shall elect three persons for the term of two years, who shall constitute a Board of County Commissioners, which shall have jurisdiction over roads, highways, ferries, bridges, and in all matters relating to taxes, disbursements of money for County purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective Counties."

This provision as to jurisdiction, relative to taxes and disbursements of money for County purposes, clearly vests in the County, as represented by its proper officers, the County Commissioners, general authority to provide for the care and custody of the moneys derived from taxation and applicable to County purposes. This would clearly include the right to take all necessary and proper steps to secure accountability on the part of the Treasurer, the actual custodian of such funds. The right to maintain an action to compel the Treasurer and his sureties to make good to the County treasury funds of the County lost through the official misconduct of the County Treasurer is essential to the discharge of this duty, and, therefore, clearly implied in the grant of jurisdiction. This jurisdiction is lodged, for administrative purposes, in the hands of the County Commissioners, but the substantial interest in demanding its discharge is in the County as a body politic and corporate. The right conferred on the County to sue and to be sued must be deemed and taken as commensurate with the duties and rights conferred upon the Counties by the Constitution and laws passed under it; it would, therefore, extend to the actions to secure the proper accountability of the County Treasurer prosecuted against these officers and their sureties. The demurrers are properly overruled, and the appeal should be dismissed.

*Wright,* A. J., concurred.